In Matter of APPLICATION FOR AN ORDER AUTHORIZING THE IN-STALLATION AND USE OF A PEN REGISTER AND DIRECTING THE DISCLOSURE OF TELECOMMUNI-CATIONS RECORDS FOR the CEL-LULAR PHONE ASSIGNED THE NUMBER [SEALED].

Misc. No. 06–mc–227.

United States District Court, D. Maryland.

July 24, 2006.

Steven Levin, Assistant U.S. Attorney Office of the United States Attorney, Baltimore, MD.

BREDAR, United States Magistrate Judge.

Dear Counsel:

On July 20, the government submitted an application for, *inter alia,* a court order authorizing the use of a pen register to capture and report prospective cell site information for the purpose of tracking a fugitive. Upon reading the application, I found that it amply demonstrated probable cause, and I communicated this finding to the government informally. I also advised the government that I would immediately issue a warrant under Rule 41, Fed. R.Crim.P., if the government provided a sworn affidavit attesting to the facts in the application. This apparently being a fugitive investigation, the urgent nature of the request was not lost on me.

The government responded that, although it could provide such an affidavit, it would not do so because it considered this a test case for its position that an order to obtain prospective cell site information can be entered upon less than probable cause pursuant to the combined authority of 18 U.S.C. § 3121 *et seq.* (the "Pen/Trap Statute") and 18 U.S.C. § 2701

*et seq.* (the "Stored Communications Act") provided the government offers "specific and articulable facts showing that there are reasonable grounds to believe that … the records or other information sought, are relevant and material to an ongoing criminal investigation."[1] 18 U.S.C. § 2703(d). I have twice rejected this position, as have the majority of other courts to consider it.[2] I advised the government

that, without a sworn affidavit, I would deny its application for prospective cell site information, and, to the extent the application seeks such information, it is hereby DENIED. I do note that the application seeks data other than prospective cell site information that is within the ambit of either the Pen/Trap Statute or the Stored Communications Act. With respect

1. I am puzzled by the government's reference to Rule 41 in its application and its inclusion of Rule 41 as the first authority in its draft order. Rule 41 warrants are traditionally issued only when the government provides a sworn affidavit or offers other testimony under oath, which the government refuses to do in this case. *See* Fed.R.Crim.P. 41(d)(1).

2. *See In the Matter of the Application of the United States of America for Orders Authorizing the Installation and Use of Pen Registers and Caller Identification Devices on Telephone Numbers [Sealed] and [Sealed],* 416 F.Supp.2d 390 (D.Md.2006); *In the Matter of the Application of the United States for an Order Authorizing the Installation and Use of a Pen Register and a Caller Identification System on Telephone Numbers [Sealed] and the Production of Real Time Cell Site Information,* 402 F.Supp.2d 597 (D.Md.2005). *See also In the Matter of the Application of the United States of America for an Order: (1) Authorizing the Installation and Use of a Pen Register and Trap and Trace Device; (2) Authorizing the Release of Subscriber and Other Information; and (3) Authorizing the Disclosure of Location–Based Services,* Nos. 1:06–MC–6, 1:06–MC–7, 2006 WL 1876847 (N.D.Ind. July 5, 2006) (District Judge opinion upholding denial by Magistrate Judge); *In re Application for Pen Register and Trap/Trace Device with Cell Site Location Authority,* 396 F.Supp.2d 747 (S.D.Tex.2005); *In the Matter of an Application of the United States for an Order (1) Authorizing the Use of a Pen Register and a Trap and Trace Device and (2) Authorizing Release of Subscriber Information and/or Cell Site Information,* 396 F.Supp.2d 294 (E.D.N.Y.2005); *In the Matter of the Application of the United States of America for an Order Authorizing the Release of Prospective Cell Site Information,* 407 F.Supp.2d 134 (D.D.C.2006); *In the Matter of the Application of the United States of America for an Order Authorizing the Disclosure of Prospec-*

*tive Cell Site Information,* 412 F.Supp.2d 947 (E.D.Wis.2006); *In the Matter of the Application of the United States of America for an Order Authorizing the Installation and Use of a Pen Register and/or Trap and Trace Device for Mobile Identification Number (585) 111–1111 and the Disclosure of Subscriber and Activity Information under 18 U.S.C. § 2703,* 415 F.Supp.2d 211 (W.D.N.Y.2006); *In re Application of the United States for an Order for Prospective Cell Site Location Information on a Certain Cellular Telephone,* No. 06 CRIM. MISC. 01, 2006 WL 468300 (S.D.N.Y. Feb. 28, 2006); *In the Matter of the Application of the United States of America for an Order Authorizing (1) Installation and Use of a Pen Register and Trap and Trace Device or Process, (2) Access to Customer Records, and (3) Cell Phone Tracking,* 441 F.Supp.2d 816, 2006 WL 2033877 (S.D.Tex.2006). *But see In the Matter of the Application of the United States of America for an Order: (1) Authorizing the Installation and use of a Pen Register and Trap and Trace Device, and (2) Authorizing Release of Subscriber and other Information,* 433 F.Supp.2d 804 (S.D.Tex.2006) (District Judge opinion); *In re Application of the United States of America for an Order for Disclosure of Telecommunications Records and Authorizing the Use of a Pen Register and Trap and Trace,* 405 F.Supp.2d 435 (S.D.N.Y.2005); *In the Matter of the Application of the United States for an Order: (1) Authorizing the Installation and Use of a Pen Register and Trap and Trace Device; and (2) Authorizing Release of Subscriber Information and/or Cell Site Information,* 411 F.Supp.2d 678 (W.D.La.2006); *In re Application for an Order Authorizing the Installation and Use of a Pen Register Device, Dialed Number Interceptor, Number Search Device, and Caller Identification Service, and the Disclosure of Billing, Subscriber, and Air Time Information,* No. S–06–SW–0041 (E.D.Cal. Mar. 15, 2006).

to this other, "non cell site" data, the requirements of these statutes are satisfied, and those portions of the application are therefore GRANTED by separate order issued under this case number.

In my mind, the overwhelming evidence of probable cause in this case almost moots the issue of whether prospective cell site information can be disclosed pursuant to the Pen/Trap Statute and the Stored Communications Act. A better test case might be one in which probable cause does not exist and the government actually needs to proceed under the proffered authority. The circumstances here make it appear that the government is exalting form over substance. That said, the government is within its right to take this course of action. I write this brief letter opinion, amplifying my order denying part of the application, to set out the authority for my action. I also write to make the record clear that probable cause is demonstrated here and that a Rule 41 warrant would have issued forthwith if the government had submitted a sworn affidavit.

Although informal, this letter constitutes an order of the court and shall be docketed accordingly. The government's application (Paper No. 1) is GRANTED IN PART and DENIED IN PART. The identity of the target of this investigation and the target telephone number are not revealed herein, and so this letter opinion is not sealed. However, the government's application (Paper No. 1) and my separate order granting part of the application (Paper No. 3) do contain that sensitive data, and that application and order are ordered SEALED.