In the Matter of the **APPLICATION OF the UNITED STATES of America FOR AN ORDER RELATING TO TARGET PHONE 2.**

No. 07 GJ 628–2.

United States District Court, N.D. Illinois, Eastern Division.

May 21, 2009.

*MEMORANDUM OPINION AND ORDER DENYING GOVERNMENT'S APPLICATION FOR DISCLOSURE OF REAL–TIME CELL SITE INFORMATION ABSENT PROBABLE CAUSE TO SUPPORT THE APPLICATION*

JAMES F. HOLDERMAN, Chief Judge.

The United States of America (the "government") has applied *ex parte* to this court for an order requiring, among other things, the prospective disclosure of cell site information on a real-time basis. The government's application is not supported by a statement of probable cause, but the government has articulated specific facts showing that there are reasonable grounds to believe the information requested is relevant and material to an ongoing criminal investigation. The court denies the government's request because the court believes the law requires the government to support an application for real-time cell site information with probable cause.

*Discussion*

Cell phones, unbeknownst (this court suspects) to many of their users, send out signaling information that can be used to identify the phone's physical location. Emission of the signaling information is not dependent on whether the cell phone is engaged in a call. Cell phones emit signaling information so long as they are on. The government would like real-time access to certain types of this signaling information to assist law enforcement personnel in locating and tracking criminal suspects. The court fully understands that the government believes it would be helpful if law enforcement had location information on potential criminals at all times. The problem with the government's application is that the government has not told or, perhaps, cannot tell the court that probable cause exists to believe that the people the

government seeks to track may engage in criminal conduct. Letting the government electronically monitor, even in general parameters, the locations of people without probable cause of criminal conduct appears at first blush to be unsupported by statutory law and contrary to the requirements of the United States Constitution.

Upon examining the law regarding the question more closely, the court has found that the issue presented by the government's application is far from novel. Numerous magistrate judges and district judges across our country have previously addressed the same arguments the government is making here, and the decisions are mixed.[1] As there is little this court can

---

1. Court decisions denying requests for prospective cell site information for lack of probable cause: *In re Application of the United States for an Order Authorizing the Use of a Pen Register With Caller Identification Device Cell Site Location Authority on a Cellular Telephone,* 2009 WL 159187 (S.D.N.Y. Jan.13, 2009); *In re Application of the United States for an Order Directing a Provider of Electronic Communication Service to Disclose Records to the Government,* 534 F.Supp.2d 585 (W.D.Pa. 2008); *In re Application of the United States for an Order Authorizing the Installation and Use of a Pen Register Device,* 497 F.Supp.2d 301 (D.P.R.2007); *In re Application of the United States for an Order Authorizing the Disclosure of Prospective Cell Cite Information,* No. 06–MISC–004, 2006 WL 2871743 (E.D.Wis. Oct. 6, 2006); *In re Application for an Order Authorizing the Installation and Use of a Pen Register and Directing the Disclosure of Telecommunications Records for the Cellular Phone Assigned the Number [Sealed],* 439 F.Supp.2d 456 (D.Md.2006); *In re Application of the United States for an Order Authorizing (1) Installation and Use of a Pen Register and Trap and Trace Device or Process, (2) Access to Customer Records, and (3) Cell Phone Tracking,* 441 F.Supp.2d 816 (S.D.Tex. 2006); *In re Application of the United States for an Order (1) Authorizing the Installation and Use of a Pen Register and Trap and Trace Device; (2) Authorizing the Release of Subscriber and Other Information; and (3) Authorizing the Disclosure of Location–Based Services & In re Application of the United States for an Order (1) Authorizing the Installation and Use of a Pen Register and Trap and Trace Device; (2) Authorizing the Release of Subscriber and Other Information; and (3) Location of Cell Site Origination and/or Termination,* Nos. 1:06–MC–6, 1:06–MC–7, 2006 WL 1876847 (N.D.Ind. July 5, 2006); *In re Application of the United States for an Order for Prospective Cell Site Location Information on a Certain Cellular Telephone,* No. 06 CRIM. MISC. 01, 2006 WL 468300 (S.D.N.Y. Feb.

28, 2006); *In re Application of the United States for Orders Authorizing the Installation and Use of Pen Registers and Caller Identification Devices on Telephone Numbers [Sealed] and [Sealed],* 416 F.Supp.2d 390 (D.Md.2006); *In re Application of the United States for an Order Authorizing the Installation and Use of a Pen Register and/or Trap and Trace for Mobile Identification Number (585) 111–1111 and the Disclosure of Subscriber and Activity Information under 18 U.S.C. § 2703,* 415 F.Supp.2d 211 (W.D.N.Y.2006); *In re Application of the United States for an Order Authorizing the Disclosure of Prospective Cell Site Information,* 412 F.Supp.2d 947 (E.D.Wis.2006); *In re Application of the United States for an Order Authorizing the Release of Prospective Cell Site Information,* 407 F.Supp.2d 134 (D.D.C. 2006); *In re Application of the United States for an Order Authorizing the Installation and Use of a Pen Register and a Caller Identification System on Telephone number [Sealed] and [Sealed] and the Production of Real Time Cell Site Information,* 402 F.Supp.2d 597 (D.Md. 2005); *In re Application of the United States for Orders Authorizing the Disclosure of Cell Cite Information,* Nos. 05–403, 05–404, 05–407, 05–408, 05–409, 05–410, 05–411, 2005 WL 3658531 (D.D.C. Oct. 26, 2005); *In re Application of the United States for an Order (1) Authorizing the Use of a Pen Register and a Trap and Trace Device and (2) Authorizing Release of Subscriber Information and/or Cell Site Information,* 396 F.Supp.2d 294 (E.D.N.Y.2005); *In re Application for Pen Register and Trap/Trace Device With Cell Site Location Authority,* 396 F.Supp.2d 747 (S.D.Tex. 2005).

Court decisions granting requests for prospective cell site information without requiring a specific showing of probable cause: *In re Application of the United States for an Order Authorizing the Use of a Pen Register and a Trap and Trace Device on Wireless Telephone Bearing Telephone Number [Redacted], Subscribed to [Redacted], Service by [Redacted],* No. 08 MC 0595(JO), 2008 WL 5255815

add to the discussion, the court writes in hope that the government will seek guidance from the United States Court of Appeals for the Seventh Circuit if the government disagrees with this court's opinion.

In support of its application, the government relies on the combined authority of 18 U.S.C. §§ 3121 *et seq.* (the "Pen Register Statute") and 18 U.S.C. §§ 2701 *et seq.* ("the Stored Communication Act") and specifically seeks information concerning the cell site and antenna face at the beginning and termination of each call or attempted call in which the target cell phone is used. The government says it does not seek simultaneous signaling information from multiple towers, records of signaling activity when the phone is on but not engaged in a call, signaling information throughout the duration of a call, information regarding signal strength, or GPS information. According to the government, the information it requests will enable law enforcement officers to determine the general vicinity of a cell phone's location based on the geographic coverage area of the cellular antenna site, but not the phone's precise location. The government concedes that its application is not supported by probable cause but argues, instead, that the combined authority of the Pen Register Statute and the Stored Communications Act allows the government to obtain prospective cell site information on a showing consistent with the requirements of the Stored Communications Act. *See* 18 U.S.C. § 2703(d) (explaining that application for order under Stored Communications Act must be supported by "specific and articulable facts showing that there are reasonable grounds to believe that the ... records or other information sought are relevant and material to an ongoing criminal investigation.").

The majority of courts that have considered the question, however, have concluded that disclosure of prospective cell site information cannot be authorized without a showing of probable cause.[2] This court believes that those courts are correct. Briefly, the Pen Register Statute, which was enacted in 1984 and later amended by the USA Patriot Act in 2001, defines a "pen register" as:

> a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, provided, however, that such information shall not include the contents of any communication, but such term does not include any device or process used by a provider or customer of a wire or

(E.D.N.Y. Dec.16, 2008); *In re Application of the United States for an Order Authorizing the Use of Two Pen Register and Trap and Trace Devices,* Misc. No. 08–308, 2008 WL 5082506 (E.D.N.Y. Nov. 26, 2008); *In re Application of the United States for an Order for Prospective Cell Site Location Information on a Certain Cellular Telephone,* 460 F.Supp.2d 448 (S.D.N.Y.2006); *In re Application of the United States for an Order (1) Authorizing the Installation and Use of a Pen Register and Trap and Trace Device, and (2) Authorizing Release of Subscriber and Other Information,* 433 F.Supp.2d 804 (S.D.Tex.2006); *In re Application of the United States for an Order Authorizing the Installation and Use of a Pen Register with Caller Identification Device and Cell Site Location Authority on a Certain Cellular Telephone,* 415 F.Supp.2d 663 (S.D.W.Va.2006); *In re Application of the United States for an Order (1) Authorizing the Installation and Use of a Pen Register and Trap and Trace Device; and (2) Authorizing Release of Subscriber Information and/or Cell Site Information,* 411 F.Supp.2d 678 (W.D.La.2006); *In re Application of the United States for an Order for Disclosure of Telecommunications Records and Authorizing the Use of a Pen Register and Trap and Trace,* 405 F.Supp.2d 435 (S.D.N.Y. 2005).

**2.** *See supra* note 1 (collecting cases denying requests for prospective cell site information for lack of probable cause).

electronic communication service for billing, or recording as an incident to billing, for communications services provided by such provider or any device or process used by a provider or customer of a wire communication service for cost accounting or other like purposes in the ordinary course of its business.

18 U.S.C. § 3127(3). This court believes that the signal a cell phone transmits to an antenna tower or towers at the beginning and termination of a call falls within the definition of "signaling information" provided by the Pen Register Statute. *See In re Application of the United States for an Order Authorizing the Installation and Use of a Pen Register Device,* 497 F.Supp.2d 301, 306 (D.P.R.2007) (collecting cases); *see also* Deborah F. Buckman, *Allowable Use of Federal Pen Register and Trap and Trace Device to Trace Cell Phones and Internet Use,* 15 ALR Fed.2d 537 §§ 3, 4 (2006).

Additionally, the Communications Assistance for Law Enforcement Act ("CAELA"), 47 U.S.C. §§ 1001 *et seq.,* which was enacted in 1994, ten years after the creation of the Pen Register Statute, prohibits the government from acquiring information otherwise available under the Pen Register Statute that may disclose the subscriber's physical location:

> with regard to information acquired solely pursuant to the authority for pen registers and trap and trace devices (as defined in section 3127 of Title 18), such call-identifying information shall not include any information that may disclose the physical location of the subscriber (except to the extent that the location may be determined from the telephone number).

47 U.S.C. § 1002(a)(2). The government does not dispute that the clear language of CAELA prevents it from acquiring access to the type of signaling information it seeks in its application under the Pen Register Statute. The government argues, however, that Congress's use of the phrase "solely pursuant to" in CAELA reveals that, although prospective cell-site data may not be obtained "solely pursuant to" the Pen Register Statute, the government may obtain the data "in combination with some other authority." (1/29/08 Gov't Mem. re Disclosure of Prospective Cell Site Information at 16.) According to the government, that "other authority" is the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.,* enacted in 1986.

Under the Stored Communications Act, a "provider of electronic communication service" can be ordered to disclose "record[s] or other information pertaining to a subscriber to or customer of such service (not including the contents of communications)." 18 U.S.C. § 2703(c). "[E]lectronic communication service," as defined by the Stored Communications Act means any service "which provides to users thereof the ability to send wire or electronic communications." 18 U.S.C. § 2711; *see also* 18 U.S.C. § 2510(15). Although the term "wire or electronic communications" is not defined in the Stored Communications Act, the Wiretap Act, from which the Stored Communications Act adopted the definition of "electronic communication service," defines "electronic communications" as "aural transfers." 18 U.S.C. § 2510(1). The Wiretap Act explicitly excludes from the definition "any communication from a tracking device (as defined in section 3117 of this title)." 18 U.S.C. § 2510(12)(C). Section 3117(b) defines a tracking device as "an electronic or mechanical device which permits the tracking of the movement of a person or object." 18 U.S.C. § 3117(b).

The government contends that the cell site information it requests conveys data concerning the cell site that a phone is using at the beginning and the end of a

call, without disclosing the content of such communications, and consequently, according to the government, is subject to disclosure under Sections 2703(c)(1) and 2703(d) of the Stored Communications Act because the data constitutes "information pertaining to a subscriber" as contemplated by the Act. (1/29/08 Gov't Mem. re Disclosure of Prospective Cell Site Information at 17–18.) The court disagrees.

The information sought by the government would allow the government to obtain information concerning the location and movement from cell tower to cell tower of the individual using the cell phone. Thus, the information sought by the government, although technically a record pertaining to an electronic communication, is a communication from a tracking device in the context of the government's application. And, as one judge who has examined this issue has noted, even imprecise location information constitutes tracking information. *In re Application of the United States for an Order Authorizing the Disclosure of Prospective Cell Site Information,* 412 F.Supp.2d 947, 957 (E.D.Wis. 2006). This is precisely the type of disclosure Congress intended to prevent when it exempted "all communications from a tracking device" from disclosure under section 2703 of the Stored Communications Act. *See In re Application of the United States for an Order Authorizing the Use of a Pen Register With Caller Identification Device Cell Site Location Authority on a Cellular Telephone,* 2009 WL 159187 at *3 (S.D.N.Y. Jan. 13, 2009); *In re Application of the United States for an Order Directing a Provider of Electronic Communication Service to Disclose Record to the Government,* 534 F.Supp.2d 585, 605–607 (W.D.Pa.2008). Therefore, this court agrees with the majority of courts that have examined this issue and come to the conclusion that the combined authority of the Pen Register Statute and the Stored Communications Act do not allow the government to obtain prospective cell site information without a showing of probable cause.

That is not to say, however, that real-time cell site information can never be available to the government. The government may obtain real-time cell site information under Federal Rule of Criminal Procedure 41 or 18 U.S.C. § 2518 on an application supported by probable cause. If Congress desires to allow the government to obtain prospective cell site information on a lesser showing, then Congress may amend the legislation to allow such disclosure. Until that time, this court is reluctant to allow the government to obtain information that may disclose an individual's location or movements absent probable cause.

### Conclusion

For the reasons set forth above, the government's application for disclosure of real-time cell site information absent probable cause is denied.